# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGIONS BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3560-JCZ-SS** |
| **HOUMA USM, LLC, et al** | |

## REPORT AND RECOMMENDATION

The District Judge referred the motion of the plaintiff, Regions Bank ("Regions"), for attorneys' fees and costs. Rec. doc. 52. For the reasons described below, it is recommended that Region's motion (Rec. doc. 45) be granted and that it be awarded attorneys' fees and costs in the amount of $60,583.46.

## PROCEDURAL BACKGROUND

Regions Bank ("Regions") filed a complaint against Houma USM, LLC ("Houma USM"), Victor Blackmon and Kenneth Gilbert to collect amounts due under a promissory note, for recognition of a mortgage, and to collect amounts due under guaranties. The loan was for $1.6 million. Rec. doc. 1. Houma USM did not appear in response to a summons. A default was entered as to it. Rec. doc. 15. Blackmon filed for bankruptcy. Rec. doc. 24. Gilbert filed an answer. Rec. doc. 11.

On April 14, 2010, Regions filed a motion for judgment by default against Houma USM for the principal amount due, attorneys' fees and other relief. Rec. doc. 32. On May 14, 2010, a default judgment was entered. Rec. doc. 33.

On May 28, 2010, Regions filed a motion for attorneys' fees, costs and expenses in the amount of $60,583.46. Rec. doc. 35. On June 29, 2010, the District Judge denied the motion and

said:

> The attorney billing records are so heavily redacted that the Court cannot glean from these records how Regions has incurred nearly $58,000 in attorneys' fees in conjunction with the default judgment obtained against Houma USM, LLC. The docket sheet reflects that Plaintiff filed a complaint against Houma USM, LLC, moved for entry of default against this defendant three months later when the defendant did not answer the lawsuit, and obtained a default judgment on May 14, 2010. Regions' refiled motion for attorney's fees and memorandum shall address how this quantum of fees is reasonable for the work performed in obtaining the default judgment and shall of course provide the Court with the unredacted version of the billing statement.

Rec. doc. 37.

On June 1, 2010, Regions filed a motion for summary judgment against Gilbert and sought a judgment *in solido* against him with Houma USM and Blackmon. Rec. doc. 36. The motion was granted as unopposed. Rec. doc. 38. A judgment was entered in favor Regions and against Gilbert *in solido* with the other two defendants. Rec. doc. 39.

On August 10, 2010, Regions filed a second motion for attorneys' fees and costs. The unredacted billing records were filed under seal. Rec. doc. 48. The amount sought is $60,583.46. Rec. doc. 45. The motion was referred to the assigned Magistrate Judge for findings and recommendations. Rec. doc. 52.

## ANALYSIS

The issue raised by the District Judge is the reasonableness of the attorneys' fees and costs sought by Regions. To calculate an attorneys' fees award the district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103

S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendant's attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40.

Regions reports that: (1) it hired Winstead PC ("Winstead") in connection with defaults on five loan involving Blackmon and Gilbert; (2) one of the five loans involved Houma USM; (3) Winstead did initial work; (3) McGlinchey Stafford PLLC ("McGlinchey") was retained as Louisiana counsel on the Houma USM loan; (4) the two firms pursued the claims against Houma USM and the two principals; (5) fees and costs of $60,583.46 are sought for the work performed through April 30, 2010. Rec. doc. 45.

Winstead had eight time keepers, including three shareholders, two associates, one paralegal and a lawyer who was of counsel, work on the Houma USM loan from February 18, 2009 through March 11, 2010. The descriptions of the services were sufficient. Rec. doc. 45 (Exhibit 4). In February 2009, Winstead began working on the matter. In March 2009, contact was made with McGlinchey to represent Regions in Louisiana for collection of the Houma USM loan. In March and April, Winstead worked with McGlinchey and representatives of Regions on the collection and foreclosure issues. The work was not merely addressed to obtaining a judgment against Houma USM but also to foreclose on security for the loan and collection from the two guarantors who were in Texas. The complaint was filed on May 15, 2009. Rec. doc. 1. On June 9, 2009, Blackmon filed for bankruptcy in Texas. Rec. doc. 24. Thereafter, Winstead represented Regions' interests in the

Blackmon bankruptcy. It also worked with Regions on the evidence to support its motions for summary judgment and the affidavit in support of the default judgment against the remaining guarantor. Rec. doc. 45 (Exhibit 4).

Winstead did not summarize its hours. The invoices indicate that the approximate hours spent on the collection proceeding, including bankruptcy work, were as follows: (1)shareholder attorneys - 37 hours; (2) of counsel lawyer - 21 hours; (3) associates 7 hours; and (4) legal assistant - less than one hour. These hours were reasonable for the work described in the invoices and as reflected in this litigation and the Texas bankruptcy proceeding. In the court's experience the hourly rates are reasonable for Dallas lawyers.

McGlinchey had six time keepers. The statements did not identify which ones were attorneys and which ones were paralegals. The descriptions of the services were sufficient. Rec. doc. 45 (Exhibit 3). McGlinchey began work on the collection proceeding on March 4, 2009. Its work on the proceedings in federal court in Louisiana, included preparation for execution on the judgment. McGlinchey was required to coordinate its efforts with the Blackmon bankruptcy proceeding in Texas and litigation in Mississippi arising out of the same group of loans. In the court's experience the hourly rates employed by McGlinchey were reasonable.

The expenses billed by Winstead and McGlinchey were reviewed and found reasonable.

## RECOMMENDATION

IT IS RECOMMENDED that the motion to establish amount of attorneys' fees, costs and expenses due Regions (Rec. doc. 45) be GRANTED and that there be judgment in favor of Regions and against Houma USM in the amount of $60,583.46 to compensate it for the attorneys' fees, costs and expenses that Regions has incurred, through April 30, 2010, in connection with the collection

4

of its claims against Houma USM and enforcement of its security interests against Houma USM.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of September, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**